# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**COLLEEN MOORE,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0805**  (BOR Appeal No. 2048027)
(Claim No. 2012033974)

**CABELA'S INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Colleen Moore, by Jonathan Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabela's Inc., by Mark Grigoraci, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 3, 2013, in which the Board affirmed a December 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 30, 2012, decision rejecting Ms. Moore's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Moore alleges that she injured her right wrist in the course of her employment on April 17, 2012. On the alleged date of injury, Ms. Moore sought treatment with Cabela's on-site health services department, and signed a non-work-related injury report that listed her current complaint as "right wrist, no injury" and noted that she was experiencing some swelling in the right wrist. On April 23, 2012, Ms. Moore sought treatment in Wheeling Hospital's emergency department and stated that she injured her right wrist at work on April 17, 2012. Also on April 23, 2012, Ms. Moore completed a work-related incident form stating that she injured her right

1

wrist on April 17, 2012, while lifting a box of ammunition. On April 30, 2012, Heather Gibbons, FNP-BC, completed a disability status form and indicated that Ms. Moore sustained a non-occupational wrist injury. Also on April 30, 2012, the claims administrator rejected Ms. Moore's claim for workers' compensation benefits.

On May 3, 2012, Ms. Moore sought treatment with Leah Jones, D.O. Ms. Moore reported injuring her right wrist on April 17, 2012, while lifting a box at work and stated that she experienced immediate shooting pain through her right hand. Ms. Moore also sought treatment with Michael Zilles, M.D., who noted on June 21, 2012, that Ms. Moore's right wrist pain has been ongoing for several months with a gradual onset. On August 14, 2012, Ms. Moore was deposed and testified that on April 17, 2012, she reported sustaining a work-related injury while being treated at Cabela's health services department. On August 15, 2012, Janie Meintel, an emergency medical technician and administrative assistant in the department of health services at Cabela's, was deposed and testified that on April 17, 2012, Ms. Moore sought treatment for right wrist pain, but very clearly stated that a work-related injury did not occur. On September 25, 2012, Mindy Vargo, the health and safety manager at Cabela's, authored an affidavit. She also indicated that although Ms. Moore sought treatment for right wrist pain on April 17, 2012, she did not report her condition as being work-related. Additionally, Ms. Vargo indicated that Ms. Moore never reported an injury to her supervisor, as is required by company policy, and the incident was initially reported to Ms. Moore's supervisor by the department of health services on April 23, 2012, when Cabela's became aware that Ms. Moore had filed a claim for workers' compensation benefits.

In its Order affirming the April 30, 2012, claims administrator's decision, the Office of Judges held that Ms. Moore did not sustain a work-related injury on April 17, 2012. Ms. Moore disputes this finding and asserts that the evidence of record demonstrates that she sustained an injury in the course of her employment on April 17, 2012.

The evidentiary record reveals multiple inconsistencies in Ms. Moore's accounting of whether a work-related injury did or did not occur on April 17, 2012. Moreover, the record reveals that Ms. Moore has sought treatment for non-work-related right wrist pain and swelling on and off beginning as early 2006. The evidentiary record also reveals that Ms. Moore sought treatment at Cabela's health services department for non-work-related pain and swelling in the right wrist four months before the alleged date of injury. As noted by the Office of Judges, two medical providers at Ms. Moore's place of employment testified that she reported her right wrist pain on the date of the alleged injury as non-work-related. Further, the Office of Judges noted that on the date of the alleged injury, Ms. Moore signed a non-work-related injury report specifically noting that an injury did not occur. The Office of Judges concluded that the record contains insufficient evidence to establish that Ms. Moore's right wrist condition present on April 17, 2012, is attributable to her employment. The Board of Review affirmed the conclusions of the Office of Judges in its decision of July 3, 2013. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3